*256
Ctiria, per

Johnson, J.
The principle of the rule, that an administrator cannot purchase at his own sale, seems not to be correctly understood. The grant of administration vests in him the property of the goods of his intestate, and he can acquire nothingelseby buying at his own sale. He is bound to account for the value of the goods which come to his possession, and a sale to a stranger at a public vendue, without fraud, is conclusive evidence of value. But the entire control which the administrator has over his own sale, and the great temptation to fraud, has induced the courts to decide that the price at which he may purchase, shall not be regarded as conclusive of the value. It is in the nature of an offer made by him, which those entitled to the amount may accept, and if they do, he is bound; but if they are able to shew that the property is of greater value, he must account accordingly. And the same rule, for the most obvious reasons, must prevail, whether the administration was fairly or fraudulently obtained. In either case, the administrator must account for the value of the goods, and the mode of ascertaining that, is necessarily the same in both cases. I cannot perceive, however, how this question found its way into the case. It is not a bill in chancery, against George S. Foster, for an account of his administration, but detinue against a stranger to recover a negro, which the plaintiff claims as belonging to the estate of his testator ; and the whole foundation of it rests on the exemption of George S. Foster from the account — for if the plaintiff recover here, he has got all he claims, and cannot, in addition to that, require an account of the value of the negro from George S. Foster. ' All the other questions which have been raised, I had thought were disposed of by the judgment of the court in this cause, at May Term, 1829, and it would, perhaps, be sufficient to refer to that as authority. I will, however, place the arguments in another point of view, in the hope that it may put an end to their repetition. According to Seabrook vs. Williams, 3 McC. 371, on the death of the testator, his goods vest immediately in the executor, and he may dispose of them as he pleases before probate. The plaintiff was nominated as executor in the *257 will of his testator, and with the will in his pocket he stood by and aided George S. Foster in obtaining the administration of the estate, with the knowledge that he intended to use that power to dispose of the property otherwise than directed by the will, and independent of the power which he derived from the grant of administration. This assent of the executor, especially in respect to strangers, invested him with the property in the negro in controversy, and necessarily with the power of disposition, and he has disposed of him to the defendant. How, then, can the plaintiff recover, when the defendant derives his right from the plaintiff himself, not merely in his own right, but as clothed with the powers of executor to the whole extent that was necessary 1 It is said that the transfer by George S. Foster to the defendant, was subsequent to the revocation of his administration, and that it was voluntary, and therefore void. The proof is very full, that although the execution of the bill of sale was subsequent to the revocation of the administration, it was only in confirmation of a sale or gift before; but regarding the act as done under the authority of the plaintiff himself, it is wholly immaterial whether it was done before or after the revocation of the administration, or whether it was with or without an adequate consideration. He had the power to give away the goods of his testator if he pleased, and whatever may be the right of others, surely he is not entitled to complain. He is particeps criminis.
Motion dismissed.
O’Neall and Harper, JJ. concurred.